UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| VERITAS CONSULTING GROUP, INC., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-10-147 |
| | § | |
| GASBUDDY ORGANIZATION, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On this day came on to be considered Plaintiff's Motion to Remand. (D.E. 5.) For the reasons discussed below, Plaintiff's motion is hereby GRANTED and this case is REMANDED pursuant to 28 U.S.C. § 1447(c) to the County Court at Law No. 2 of Nueces County, Texas, where it was originally filed and assigned Cause No. 10-60711-2.

## I.      Factual and Procedural Background

On April 22, 2010, Plaintiff Veritas Consulting Group, Inc. ("Veritas") filed this action in state court. (D.E. 1, Exh. B-2.) On May 20, 2010, Defendants GasBuddy Organization, Inc., GasBuddy OpenStore, Inc., GasBuddy Retail Solutions, Inc., GasBuddy Retail Systems, Inc., GasBuddy Retail Services, Inc., FuelMark, Inc. and EMI Data Services, Inc. (collectively the "Defendants") timely removed this action to this Court alleging diversity jurisdiction. (D.E. 1.) Plaintiff Veritas alleges that Defendants breached an agreement to give Veritas a one-third founders' ownership interest in several of Defendants' companies in exchange for a $350,000 investment. (D.E. 1, Exh. B-2.) It is unclear from the Original Petition when the original oral agreement took place. The Original Petition states that Plaintiff came up with the idea to create several new businesses in the spring of 2009. (D.E. 1, Exh. B-2, Plaintiff's Original Petition, p. 5.) The Original Petition states that "[u]ntil April 2010, the GasBuddy Defendants continually

acknowledged, both verbally and in writing, the agreement between Veritas and the GasBuddy Defendants." (D.E. 1, Exh. B-2, Plaintiff's Original Petition, p. 7.)

Defendant GasBuddy Organization, Inc. is incorporated in Minnesota with its principal place of business in Brooklyn Park, Minnesota. (D.E. 1, p. 2.) Defendant FuelMark, Inc. ("FuelMark") is incorporated in Delaware. (D.E. 1, p. 2.) While the Defendants claim that FuelMark's principal place of business is in Brooklyn Park, Minnesota, Plaintiff claims FuelMark's principal place of business is in Houston, Texas. (D.E. 1, p. 2; D.E. 5, pp. 3-4.) All parties acknowledge that the remaining Defendants, GasBuddy OpenStore, Inc., GasBuddy Retail Solutions, Inc., GasBuddy Retail Systems, Inc., GasBuddy Retail Services, Inc., and EMI Data Services, Inc. (collectively the "Unincorporated Defendants"), were unincorporated at the time the Original Petition was filed despite the fact that they each have "Inc." after their name.[1] (D.E. 1, p. 2-3; D.E. 5, p. 2-4.) Defendants' removal papers do not specify the citizenship of the Unincorporated Defendants. (D.E. 1.) Plaintiff maintains that the Unincorporated Defendants are citizens of Texas. (D.E. 5, p. 2.)

## II.   Discussion

### A.   General Removal Principles

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. 28 U.S.C. § 1441(a); see Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). A court, however, "must presume that a suit lies outside its limited jurisdiction." Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001); see also Manguno, 276 F.3d at 723. In evaluating the propriety of a

---

[1] Plaintiff explains that there were plans to incorporate the business but, at the time he filed suit, GasBuddy OpenStore, Inc. had yet to be incorporated. (D.E. 5, p. 13.) Gary Magnuson, the Managing Director and CFO of Plaintiff Veritas, attests that GasBuddy OpenStore, Inc. was still conducting business, despite its unincorporated status. (D.E. 5, Exh. 1, p. 1.) It had a commercial office in downtown Houston, a bank account, and contracts with Texas businesses. (D.E. 5, Exh. 1, p. 3-4.)

removal, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Id.; see also Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000) ("[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction.").

It is well-settled that the removing party bears the burden of showing that the removal was proper. See Manguno, 276 F.3d at 723; Frank v. Bear Stearns & Co., 128 F.3d 919, 921-22 (5th Cir. 1997). This burden extends to demonstrating both the jurisdictional basis for removal and compliance with the requirements of the removal statute. See Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365 (5th Cir. 1995). The question of whether jurisdiction exists is resolved by looking at the complaint at the time the petition for removal is filed. See Pullman Co. v. Jenkins, 305 U.S. 534, 537-38 (1939); Miranti v. Lee, 3 F.3d 925, 928 (5th Cir. 1993).

### B.    Diversity Jurisdiction

When the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, the removing defendant has the burden of demonstrating that there is: (1) complete diversity of citizenship; and (2) an amount-in-controversy greater than $75,000. See 28 U.S.C. § 1332(a). The basis for diversity jurisdiction must be "distinctly and affirmatively alleged." Mullins v. TestAmerica, Inc., 564 F.3d 386, 397 (5th Cir. 2009). The Fifth Circuit has found that failure to adequately allege the basis for diversity jurisdiction "mandates dismissal." See Howery, 243 F.3d at 920 ("Failure adequately to allege the basis for diversity jurisdiction mandates dismissal") (citing Stafford v. Mobil Oil Corp., 945 F.2d 803, 805 (5th Cir. 1991)).

A district court generally "cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants." Corfield v. Dallas Glen Hills LP, 355 F.3d 853, 857 (5th Cir. 2003). A district court may disregard the defendant's citizenship if

the defendant was improperly joined in the action.  See Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 572-573 (5th Cir. 2004).  In this case, Defendants fail to allege the citizenship of any of the Unincorporated Defendants.  (D.E. 1.)  Defendants argue that this Court should disregard the citizenship of the Unincorporated Defendants because they are nominal parties who are improperly joined.  (D.E. 1, p. 4-9.)  The Court considers this argument below.

### 1.    Improper Joinder[2]

"The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper."  Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 574 (5th Cir. 2004) (en banc).  The removing party proves improper joinder by demonstrating: (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court.  See Crockett v. R.J. Reynolds Tobacco Co., 436 F.3d 529, 532 (5th Cir. 2006) (citing Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir. 2003)); Boone v. Citigroup, Inc., 416 F.3d 382, 388 (5th Cir. 2005).  As there is no allegation of actual fraud, the Defendants have to establish that the non-diverse parties were improperly joined by demonstrating that there is no possibility of recovery by Plaintiff against the non-diverse Defendants.  See Crockett, 436 F.3d at 532.  The Court resolves this matter by conducting an analysis under a rule similar to that of Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff."  Guillory v. PPG Indus., Inc., 434 F.3d 303, 308 (5th Cir. 2005) (citing B., Inc. v. Miller Brewing Co., 663 F.2d

---

[2] In its removal, Defendants separately argue that citizenship of the Unincorporated Defendants should be ignored because they are nominal.  (D.E. 1, p. 4-6.)  However, the analysis for whether a party is nominal is the same analysis for whether a party is improperly joined.  See Salazar v. Allstate Tex. Lloyd's, Inc., 455 F.3d 571, 574 (5th Cir. 2006) ("In the paradigmatic fraudulent joinder case, a plaintiff sues a nominal nondiverse/in-state defendant along with a diverse foreign defendant in an effort to make sure that its claims against the diverse defendant stay in state court."); Farias v. Bexar County Board of Trustees, 925 F.2d 866, 871 (5th Cir. 1991).  Accordingly, both arguments are addressed in this section.

545, 549 (5th Cir. 1981)); <u>see also</u> <u>Boone</u>, 416 F.3d at 388; <u>Smallwood</u>, 385 F.3d at 573.  The Court does "not determine whether the plaintiff will actually or even probably prevail on the merits of [its state law] claim, but look[s] only for a possibility that the plaintiff might do so." <u>Guillory</u>, 434 F.3d at 308.

"Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."  <u>See</u> <u>Smallwood</u>, 385 F.3d at 573.  Only in cases where a plaintiff "has misstated or omitted discrete facts that would determine the propriety of joinder [may the district court,] in its discretion, pierce the pleadings and conduct a summary inquiry."  <u>Id.</u>  Even then, a finding of improper joinder is only appropriate if "as a matter of law, there [is] no reasonable basis for predicting that the plaintiff might establish liability against a named in-state defendant in state court."  <u>Badon v. R J R Nabisco, Inc.</u>, 224 F.3d 382, 390 (5th Cir. 2000) (citing <u>Burden v. General Dynamics Corp.</u>, 60 F.3d 213, 217 (5th Cir. 1995)).  If the removing defendants fail to establish improper joinder, then there is not complete diversity of citizenship among the parties, and the Court does not have diversity jurisdiction over the case.  <u>See</u> 28 U.S.C. § 1332, 1447(c).

### 2.    Possible Recovery Against Non-Diverse Defendant

In this case, Plaintiff filed a claim against the Defendants alleging that they breached an agreement whereby Plaintiff would hold a one-third founders' ownership interest in FuelMark and the Unincorporated Defendants.   (D.E. 1, Exh. B-2, Plaintiff's Original Petition.) Defendants admit that Plaintiff "survives the first step of the fraudulent joinder test" because Plaintiff "allege[s] facts specific to the non-diverse defendant[s]."  (D.E. 1, p. 6-7.)  Defendants argue that this Court should ignore the Unincorporated Defendants citizenship because they are

unincorporated and "were not in existence as of the time the alleged oral agreement was entered."[3]  (DE. 1, p. 5.)  This argument is without merit.

There is ample evidence in the record to show that the Unincorporated Defendants were in existence and doing business before Plaintiff filed this lawsuit.  Plaintiff's Original Petition and Motion to Remand includes various promotional materials, press releases, notes regarding company events, and news articles evincing the existence of these companies.  (D.E. 1, Exh. B-2; D.E. 5, Exh. B.)  For example, Plaintiff's Original Petition includes a press release from October 16, 2009 which states that GasBuddy OpenStore, Inc, one of the alleged "non-existent" nominal defendants, entered into a joint marketing and development agreement with PDI "to give convenience retailers the ability to collect data."  (D.E. 1, Exh. B-2, p. 43.)  The press release is dated prior to April 2010, the date Plaintiff claims Defendants stopped "continually acknowledg[ing]" the parties agreement.   This press release is evidence that GasBuddy OpenStore, Inc. was in existence and operating as a business even if it was not incorporated.

Under Texas law, unincorporated entities may be sued for breach of a legal duty, including breach of contract.   See TEX. R. CIV. P. 28 ("Any partnership, unincorporated association, private corporation, or individual doing business under an assumed name may sue or be sued in its partnership, assumed or common name for the purpose of enforcing for or against it a substantive right, but on a motion by any party or on the court's own motion the true name

---

[3] To support this contention, Defendants include the declaration of Dustin Coupal, the co-CEO of GasBuddy Organization, Inc., who testifies that "[a]t the date Plaintiff's Petition in this case was filed, Defendants GasBuddy OpenStore, Inc., GasBuddy Retail Solutions, Inc., GasBuddy Retail Systems, Inc., GasBuddy Retail Services, Inc. and EMI Data Services, Inc. were unincorporated companies."   (D.E. 1, Exh. A.)   Although the removing Defendants argue this Court should "pierce the pleadings" and consider this evidence to find improper joinder, this level of review is not appropriate. (D.E. 1, pp. 9-10.)  A court may, in its discretion, pierce the pleadings and use summary judgment type evidence when the plaintiff has "misstated or omitted discrete facts that would determine the propriety of joinder."  Smallwood, 385 F.3d at 573.  Because the removing Defendants have not alleged that Plaintiff has "misstated or omitted discrete facts that would determine the propriety of joinder," consideration of summary judgment evidence is not appropriate in this case.  Id.  However, as discussed in this section, even if this Court were to pierce the pleadings and consider the summary judgment type evidence, removing Defendants have not met their burden of proving improper joinder.

may be substituted."); TEX. REV. CIV. STAT. ART. 6135 ("In suits by or against such unincorporated companies, whatever judgment shall be rendered shall be as conclusive on the individual stockholders and members thereof as if they were individually parties to such suits."); Holberg & Co. v. Citizens Nat'l Assurance Co., 856 S.W.2d 515, 517-18 (Tex. App. Houston 1993) (upholding trial court's judgment against unincorporated company for breach of contract). Plaintiff specifically alleges that the "Defendants entered into a securities transaction with [Plaintiff] Veritas whereby Veritas would purchase a one-third founder's equity ownership interest . . . by investing start-up capital into the companies." (D.E. 1, Exh. B-2, p. 5.) Plaintiff alleges that Defendants breached this agreement by "wrongfully disput[ing] Veritas' 33.4% founder's equity ownership interest in these companies." (D.E. 1, Exh. B-2, p. 10.)

Because Plaintiff has presented evidence that shows the Unincorporated Defendants were in existence and may be liable to Plaintiff, Defendants' argument that there is no possibility of recovery from the Unincorporated Defendants' fails. See TEX. R. CIV. P. 28; Tex. Rev. Civ. Stat. art. 6135; Holberg & Co., 856 S.W.2d at 517-18. Thus, the Unincorporated Defendants are not nominal parties and there is no improper joinder. See Smallwood, 385 F.3d at 573 (finding that the removing party must show "there is no possibility of recovery by the plaintiff against an in-state defendant" to establish improper joinder); Farias, 925 F.2d at 871.

### 3.      Defendants Fail to Allege Diversity of Citizenship

In this case, Defendants' removal papers fail to state the citizenship of any of the Unincorporated Defendants. (D.E. 1.) Because GasBuddy OpenStore, Inc. was doing business but was not actually incorporated, it was simply operating under an assumed name. For purposes of determining the citizenship of an unincorporated party with an assumed name, the Court looks to "the citizenship of every general and limited partner." Buettikoffer v. McClatchy Co., 2008

WL 3823721 at *1 (S.D. Ill. 2008).  Similarly, the citizenship of "limited partnerships and other unincorporated associations or entities . . . is determined by the citizenship of all of its members."  Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008) (internal citations omitted); see also Carden v. Arkoma Assocs., 494 U.S. 185, 195-196 (1990) ("We adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the [artificial] entity depends on the citizenship of all the members") (internal citations omitted).  Absent allegations of the citizenship of each member of an unincorporated association, the district court may presume that a member of the association is located in each state.  Int'l Ass'n of Machinists v. Eastern Airlines, Inc., 320 F.2d 451, 455 (5th Cir. 1963).  It is unclear who the various members, promoters, and investors of these corporations are from the existing record.  It is Defendants' burden to "distinctly and affirmatively" allege the citizenship of each party so that the court can determine whether complete diversity exists.  Mullins, 564 F.3d at 397; Getty Oil Corp., Div. of Texaco, Inc. v. Insurance Co. of North America, 841 F.2d 1254, 1259 (5th Cir. 1988) ("We have stated repeatedly that when jurisdiction depends on citizenship, citizenship must be distinctly and affirmatively alleged.").  "Failure adequately to allege the basis for diversity jurisdiction mandates dismissal."  See Howery, 243 F.3d at 920.  Because Defendants are silent as to the citizenship of the Unincorporated Defendants, this Court finds that Defendants have not met their burden of showing diversity of citizenship.[4]

---

[4] Even if this Court were to ignore the citizenship of the Unincorporated Defendants, diversity may still not exist because the removing Defendants have not shown that the incorporated Defendant FuelMark is diverse.  An incorporated company is a citizen of the state in which it was incorporated and the state in which it has its principal place of business.  28 U.S.C. § 1332(c).  A corporation's principal place of business is the "nerve center" of the business or "the place where a corporation's officers direct, control and coordinate the corporation's activities."  Hertz Corp. v. Friend, 130 S. Ct. 1181, 1192-93 (2010).  Plaintiff details considerable business activities of FuelMark in Texas and attaches FuelMark's incorporation papers listing the company's mailing address as Houston, Texas.  (D.E. 5, Exh. A)  Although Defendants attest that FuelMark's principal place of business is in Minnesota, Defendants' removal papers do not provided further evidence that Minnesota is the "nerve center" of FuelMark's business.  (D.E. 1.)

In determining whether a party is improperly joined, a court does "not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff might do so."  Burden, 60 F.3d at 216; Farias, 925 F.2d at 871. Because there is a possibility that Plaintiff may recover from the Unincorporated Defendants, there is no improper joinder.  See Smallwood, 385 F.3d at 573; Farias, 925 F.2d at 871. Furthermore, Defendants did not meet their burden of "distinctly and affirmatively" alleging diversity.  See Getty Oil Corp., 841 F.2d at 1259.  Thus, Defendants have failed to show that there is complete diversity, and this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332.

## III.   Conclusion

For the reasons stated above, this Court determines that it does not have subject matter jurisdiction over the above-styled action.  Plaintiff's Motion to Remand (D.E. 5) is hereby GRANTED and this case is REMANDED pursuant to 28 U.S.C. § 1447(c) to the County Court at Law No. 2 of Nueces County, Texas, where it was originally filed and assigned Cause No. 10-60711-2.

SIGNED and ORDERED this 24th day of June, 2010.

Janis Graham Jack
United States District Judge